[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15820
Non-Argument Calendar
_____

D.C. Docket No. 0:15-cv-62271-JIC


CECILIA ACOSTA,

                                                            Plaintiff-Appellant,

versus

URSULA LEHNHART REVOCABLE LIVING TRUST
DATED AUGUST 6, 2012,
JOSEPH L. SCHNEIDER, P.A.,
JOSEPH L. SCHNEIDER,
THE ESTATE OF URSULA LEHNHART,
JOHN W. SALMON,

                                                            Defendants-Appellees.
_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 5, 2018)

Before MARCUS, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

This case arose when the Ursula Lehnhart Revocable Living Trust (Lehnhart Trust) accelerated the debt Cecilia Acosta owed pursuant to her mortgage and promissory note and, subsequently, initiated foreclosure proceedings.  Acosta, appearing *pro se*, sued the Lehnhart Trust, its attorney Joseph Schneider, and his law firm Joseph L. Schneider, P.A., alleging various violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, and the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. § 559.55, *et seq.*, as well as claims for breach of contract and intentional infliction of emotional distress. Acosta asserts the district court erred by granting summary judgment in favor of the Lehnhart Trust, Schneider, and his firm because genuine issues of material fact remained.  Acosta also contends the district court failed to apply the least-sophisticated consumer standard.  After review, we affirm.[1]

Acosta's brief focuses, primarily, on two genuine disputes of material fact the district court purportedly overlooked, which we will discuss in turn.  We affirm without discussion as to Acosta's remaining arguments, which we have reviewed and determined are without merit.

---

[1] We review a district court order granting summary judgment *de novo*, viewing all of the facts in the record in the light most favorable to the non-moving party and drawing all reasonable inferences in her favor. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1314 (11th Cir. 2011).

First, Acosta asserts Schneider and his firm violated the FDCPA and FCCPA by including unauthorized attorney's fees in demand and payoff letters. Although Acosta does not dispute she is responsible for reasonable attorney's fees under the terms of the note and mortgage, she contests the reasonableness of certain charges. Specifically, Acosta refers to charges for over fifty phone calls Schneider allegedly placed to Acosta's ex-husband, who cosigned the note and mortgage, and the realtor. But, contrary to Acosta's assertions, the evidence submitted at summary judgment reflects that Schneider placed only a handful of calls to Acosta's ex-husband and the realtor. Even assuming Acosta is objecting to the volume of calls reflected in the record, regardless of the recipient, her argument is unpersuasive. Schneider charged for approximately fifty calls, many to his client, placed over the course of nine months. The docket reflects that this has been an active matter. Therefore, the volume of calls alone is not sufficient to create a genuine dispute of material fact.

Second, Acosta contends the amount she owed under the note and mortgage was improperly inflated by one thousand dollars. After Lehnhart accelerated the entire loan balance, Acosta made eight separate one thousand dollar deposits directly into Lehnhart's account. Schneider's letters to Acosta and Maria Lescano, who was Acosta's attorney, indicate eight checks were made out to Acosta as repayment for the unauthorized deposits. Acosta alleges she never received one of

3

those checks, which was cut to reimburse her March 2014 deposit. This missing check, Acosta contends, creates a dispute of material fact about whether Schneider violated the FDCPA by improperly inflating the amount she owed. Her argument is unavailing. The evidence makes clear Schneider remitted a reimbursement of the March 2014 check to Acosta's attorney on April 2, 2014. Even assuming Acosta never received the check, it is undisputed Lescano received the reimbursement, and Acosta was repeatedly notified her unauthorized deposits would not be credited toward the amount owed under the note and mortgage. Therefore, the district court did not err.

We agree with the district court's analysis of Acosta's remaining claims under the FDCPA and FCCPA, as well as her breach of contract claim.[2] Based on a *de novo* review of the record, we have determined that the district court correctly concluded that the evidence, viewed in the light most favorable to Acosta, is insufficient to support her claims that the Lehnhart Trust, Schneider, and his firm violated the FDCPA, the FCCPA, or committed a breach of contract by foreclosing on her mortgage although it was not in default, refusing to accept partial payments after default, failing to include a validation notice in their initial communication in connection with the collection of the debt, or attempting to coerce Acosta into an unfavorable mortgage modification. Nor has Acosta shown the district court failed

---

[2] Acosta's appeal of her IIED claim, which she gives only a passing mention, is waived. *Farrow v. West*, 320 F.3d 1235, 1242 n.10 (11th Cir. 2003) (citations omitted).

4

to apply the least-sophisticated consumer standard.  In the absence of any genuine dispute of material fact, granting summary judgment was appropriate.  The judgment of the district court is

**AFFIRMED.**